FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 2 2 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

GABRIEL GABELLA,

Defendant.

14-CR-207

Statement of Reasons for Sentencing
Pursuant to 18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Table of Contents**

I. Introduction ................................................................................................................. 1
II. Offense Level and Category ....................................................................................... 2
III. Law .............................................................................................................................. 2
IV. 18 U.S.C. § 3553(a) Considerations ........................................................................... 3
V. Sentence ....................................................................................................................... 4
VI. Conclusion ................................................................................................................... 4

### I. Introduction

On June 18, 2014, Gabriel Gabella pled guilty to one count of willful failure to file a report of foreign bank and financial accounts. 31 U.S.C. §§ 5314, 5322(a).

On December 9, 2014, Gabella was sentenced to a term of three years of probation and fined $50,000. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with section 3553(a) of Title 18. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II. Offense Level and Category

The total offense level is 17. The criminal history category is I, yielding a guidelines imprisonment range of 24-30 months. U.S.S.G. Ch. 5 Pt. A.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of Title 18, the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of Title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in

incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553 (a) ("The court shall impose a sentence sufficient, but not greater than necessary"); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

IV. **18 U.S.C. § 3553(a) Considerations**

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant" in sentencing him. 18 U.S.C. § 3553(a)(1).

Gabella had a financial interest in, and signature and other authority over, a Swiss bank account at Union Bank of Switzerland. He failed to file a Report of Foreign Bank and Financial Records for the years 2006 and 2007. The value of these unreported accounts, which largely represented inheritances, for the requisite time period was $6,280,692. Gabella also failed to report earned income from his foreign bank accounts for the 2005 through 2007 tax years. The United States lost taxes totaling $239,012 for those years. To date, Gabella has paid a civil penalty fine of $3,140,346.35 and $239,012 in restitution.

Gabella, seventy-three, is an Italian citizen. He is married and has one child. He is retired from a long career as an urban planner for the United Nations. The instant offense represents his only known involvement in the criminal justice system. Over the past five years, throughout the government's investigation of this case, Gabella has fully cooperated with the United States Attorney's Office and the Internal Revenue Service.

## V. Sentence

Under section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. The prospect of deportation was considered in Gabella's sentencing. *See United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *13 (E.D.N.Y. Sept. 24, 2014).

In light of Gabella's cooperation and the fact that Immigration and Customs Enforcement will be informed of the crime to which he pled guilty, Gabella was sentenced to a term of three years of probation and fined $50,000. 18 U.S.C. § 3561(c)(1); U.S.S.G. § 5E1.2(c)(3). A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). The fine and the special assessment are payable within thirty days.

## VI. Conclusion

General and specific deterrence are achieved by the sentence imposed, and all elements of the Sentencing Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of Title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 9, 2014
      Brooklyn, New York

4